UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS ESPINOSA,
A 076 578 538,

Petitioner,

-against-

Todd Blanche, in his official capacity as U.S.
Attorney General;
Marcos Charles, in his official capacity as Acting
Executive Associate Director, Enforcement and
Removal Operations;
David Venturella, in his official capacity as Acting
Director, Immigration and Customs
Enforcement;
Markwayne Mullin, in his official capacity as
Secretary of the U.S. Department of Homeland
Security;
Kenneth Genalo, in his official capacity as the Field
Office Director for ICE ERO's New York City
Field Office,

Respondents.

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED:   7/9/2026 |

26 Civ. 5802 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The Court has reviewed Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241. *See* Pet., ECF No. 1. The Court ORDERS as follows:

1. By **July 10, 2026**, the government shall confirm that Petitioner remains detained within this District, the Eastern District of New York, or the District of New Jersey, in compliance with the Court's administrative stay order.

2. By **July 13, 2026**, the government shall file a letter with the following information:

    a. The statutory provision(s) under which the government asserts the authority to detain Petitioner;

    b. Whether, if Petitioner is not subject to a final order of removal, there is any basis to distinguish this case from *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), such that Petitioner is not detained pursuant to 8 U.S.C. § 1226(a);

    c. Whether, if Petitioner is not subject to a final order of removal and the government states that the basis for detention is 8 U.S.C. § 1226(c)(1)(E), there is any basis to distinguish this case from *Urbano v. Genalo*, 26 Civ. 1466 (AT), 2026 WL 867130 (S.D.N.Y. Mar. 29, 2026); *H.A. v. Genalo*, 26 Civ. 2706 (AT), 2026 WL 1159512

(S.D.N.Y. Apr. 28, 2026); or *Peralta-Malla v. Mullin*, 26 Civ. 2903 (AT), 2026 WL 1346325 (S.D.N.Y. May 14, 2026);

    d.  Whether, if Petitioner is subject to a final order of removal, there is any basis to distinguish this case from *Liu v. Genalo*, No. 26 Civ. 3720 (AT), 2026 WL 1383370 (S.D.N.Y. May 14, 2026);

    e.  Whether, if Petitioner is subject to a final order of removal, Respondents currently possess travel documents for Petitioner to effect his removal;

    f.  Whether, if there is no basis to distinguish the aforementioned cases, the government consents to issuance of the writ and/or waives the right to answer, subject to preservation of the government's arguments for appeal;

    g.  Any information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings; and

3. By **July 14, 2026,** the government shall file an answer to the petition.

4. By **July 17, 2026**, Petitioner shall file a reply, if any.

The Clerk of Court shall electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York of this Order.

SO ORDERED.

Dated: July 9, 2026
      New York, New York

_____
ANALISA TORRES
United States District Judge

2